IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ADRIAN MONTOYA-FRANCO,

        Petitioner,

v.

T. BOWSER,

        Respondent.

Case No. 2:17-cv-01593-JO

OPINION AND ORDER

    Kristina Hellman
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    Ellen F. Rosenblum, Attorney General
    James M. Aaron, Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

JONES, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his state-court convictions related to a 2008 murder in Marion County. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is denied.

## BACKGROUND

In July 2008, Rafael Garcia robbed Petitioner of drugs, a cellphone, and a wallet that included Petitioner's immigration "green card." The following month, Petitioner asked Salvador Mariscal-Lopez to help him recover his green card from Garcia. Petitioner also recruited other men, intending to retaliate against Garcia. In August 2008, the group of men went in search of Garcia. Along the way, one of the men handed Mariscal-Lopez a gun, and Mariscal-Lopez later testified this was the point he realized that the plan was to kill Garcia. Trial Transcript, pp. 1022-23. The men located Garcia and shot at him, but were not successful in hitting him.[1]

A few days later, Garcia and three others were driving home from a store when Petitioner, Francisco Ibarra-Ruiz, Jesus Rodriguez-Borrayo, and Leonel Anaya-Gutierrez pulled up alongside side them in their vehicle.[2] The men in Petitioner's vehicle opened fire, killing Garcia and severely wounding two of his

---

[1] Mariscal-Lopez claimed he intentionally fired his weapon into the ground. Trial Transcript, p. 1028.

[2] Petitioner asked Mariscal-Lopez to accompany him on this second outing, but Mariscal-Lopez's girlfriend prevented him from going along. Trial Transcript, pp. 1050-51.

friends. After the shooting, Petitioner called Mariscal-Lopez to discuss what had transpired. *Id* at 1052. As a result of the foregoing, the Marion County Grand Jury indicted Petitioner, Ibarra-Ruiz, Rodriguez-Borrayo, and Anaya-Gutierrez with one count of Murder, three counts of Attempted Aggravated Murder, two counts of Assault in the First Degree, one count of Unlawful Use of a Weapon, and one count of Conspiracy to Commit Murder. Respondent's Exhibit 102.

The State separately charged Mariscal-Lopez, who entered a guilty plea to Conspiracy to Commit Murder. Mariscal-Lopez appeared as a witness for the State. He testified that Petitioner recruited the others to help him kill Garcia, provided details of the first attempt on Garcia's life, and recounted his conversation with Petitioner following the murder. He did not, however, testify that Petitioner actually fired any shots at Garcia. Trial Transcript, p. 1052.

A jury convicted Petitioner on all counts, and the trial court sentenced him to life in prison with the possibility of parole after 30 years. Petitioner's direct appeals were not successful. Respondent's Exhibits 105, 107.

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County where he alleged, in relevant part, that trial counsel was ineffective when he failed to adequately investigate the case when he did not "[e]stablish[] that all the witnesses were accomplices in the act." Respondent's Exhibit 110, p. 4. During the PCR hearing, Petitioner claimed that three witnesses

(including Mariscal-Lopez) were accomplices. He argued as follows:

> My argument is simply this, Your Honor, is that the trial counsel in this case treated these witnesses basically as if they were, I guess, ordinary witnesses, when they were not.
>
> There were rules that he had to follow or could have followed and tried to take advantage of - of some of the - the fact that they were accessories to this crime and he didn't do it. And I think that it would have made a difference in this case. And I'll leave it at that.

Respondent's Exhibit 123, p. 22.

The PCR court resolved this claim as follows:

> The State has set forth in its memorandum that all but one of the 26 witnesses called were not accomplices by any conceivable definition. The only witness that might have qualified as an accomplice was not involved in the shooting of the victims. Petitioner testified that other[] witnesses were accomplices, but the court does not find that credible. The testimony of the victims and the police was sufficient to convict him. Petitioner has not proven error by defense counsel.

Respondent's Exhibit 124, p. 2.[3] The Oregon Court of Appeals affirmed the trial court's decision without issuing a written opinion, and the Oregon Supreme Court denied review. Respondent's Exhibits 128, 129.

Petitioner filed this federal habeas corpus case on October 10, 2017 raising nine grounds for relief. Respondent asks the Court to deny relief on the Petition because: (1) Petitioner

---

[3] The PCR court's reference to only one possible accomplice in the case constituted a reference to Mariscal-Lopez.

failed to fairly present Grounds Two through Nine to Oregon's state courts, leaving them procedurally defaulted; and (2) the PCR court's decision as to the ineffective assistance of counsel claim raised in Ground One of the Petition was not unreasonable.

## DISCUSSION

I. **Standard of Review**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court

decision to be more than incorrect or erroneous. *Id* at 410. Twenty-eight U.S.C. § 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

Twenty-eight U.S.C. § 2254(d)(2) allows a petitioner to "challenge the substance of the state court's findings and attempt to show that those findings were not supported by substantial evidence in the state court record." *Hibbler v. Benedetti*, 693 F.3d 1140, 1146 (9th Cir. 2012). A federal habeas court cannot overturn a state court decision on factual grounds "unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). This is a "'daunting standard—one that will be satisfied in relatively few cases,' especially because we must be 'particularly deferential to our state-court colleagues.'" *Hernandez v. Holland*, 750 F.3d 843, 857 (9th Cir. 2014) (quoting *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004)).

## II. Unargued Claims

As previously noted, Petitioner raises nine grounds for relief. In his supporting memorandum filed with the assistance of appointed counsel, however, Petitioner argues a single claim that trial counsel failed to establish that Mariscal-Lopez was an accomplice and obtain the necessary jury instructions pertaining to accomplice testimony. Petitioner does not argue the merits of

his remaining claims, nor does he address Respondent's arguments as to why relief on these claims should be denied. As such, Petitioner has not carried his burden of proof with respect to these unargued claims. *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (Petitioner bears the burden of proving his claims).

### III. Ground One: Mariscal-Lopez as Accomplice

As Ground One, Petitioner alleges that his trial attorney was constitutionally ineffective when he failed to establish that all of the State's witnesses were accomplices, and failed to request a jury instruction that jurors should view accomplice testimony with distrust. In his briefing, Petitioner narrows his claim and asserts that counsel failed to establish Mariscal-Lopez's accomplice status and request a jury instruction that accomplice testimony should be viewed with distrust in Oregon in accordance with *State v. Oatney*, 66 P.3d 475, 480 (2003).

The Court uses the general two-part test established by the Supreme Court to determine whether Petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). First, Petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, Petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether Petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696. When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 556 U.S. at 122.

Even assuming Mariscal-Lopez was an accomplice despite his lack of participation in the outing that resulted in Garcia's murder, and further assuming the jury would completely disregard his testimony as the result of an instruction on accomplice testimony, there was sufficient additional evidence of Petitioner's guilt such that the result of the trial would not have been different. One of the surviving victims testified that she saw Petitioner in the vehicle that approached them. She observed Petitioner say "that's them" right before gunfire erupted from Petitioner's car, killing Garcia and causing severe injuries to the witness and another occupant. Trial Transcript, p. 458.

In addition, the son of one of Petitioner's co-defendants testified that in the wake of the murder, he heard Petitioner admit that he had shot Garcia in the head. *Id* at 789, 796. Moreover, Petitioner's roommate testified that she heard

Petitioner and two other co-defendants talking about how they had shot up a car the day that Garcia had been murdered in his vehicle. *Id* at 292-94. In light of this evidence, even if the jury had disregarded Mariscal-Lopez's testimony, the result of the proceeding would not have been different. Accordingly, even assuming counsel's performance fell below an objective standard of reasonableness, habeas corpus relief is therefore not appropriate where Petitioner fails to establish prejudice.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is denied. Petitioner's Motion for Substitution of Counsel (#51) filed after the Court took this case under advisement is also denied.

The Court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 16th day of March, 2020.

Robert E. Jones
United States District Judge